UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ANDRES MARROQUIN,<br><br>        Petitioner,<br><br>    v.<br><br>M.B. ATCHLEY,<br><br>        Respondent. | Case No.  1:21-cv-01735-JLT-HBK (HC)<br><br>ORDER TO SHOW CAUSE WHY FIRST AMENDED PETITION SHOULD NOT BE DISMISSED AS MIXED PETITION[1]<br><br>(Doc. Nos. 6) |

Petitioner Nicolas Andres Marroquin, a state prisoner proceeding *pro se*, has pending a First Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 6). On April 27, 2022, Respondent filed a motion to dismiss the amended petition because it contains unexhausted claims. (Doc. No. 12). As of the date of this order, Petitioner has not filed a response to the motion, nor requested an extension of time to respond, and the time for doing so has long expired. (*See* Doc. No. 7 at ¶ 3, advising Petitioner that he has thirty (30) days to file a response if Respondent files motion to dismiss). Because the First Amended Petition contains unexhausted claims, the Court orders Petitioner to show cause why his First Amended Petition

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

should not be dismissed as a mixed petition.

## APPLICABLE LAW AND ANALYSIS

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is not a jurisdictional issue but is based on comity to permit the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Exhaustion is determined on a claim-by-claim basis. *Insyxieng-May v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). And the burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Petitioner raises three claims in his First Amended Petition: (1) the gang expert "lacked experience" and his testimony was inadmissible hearsay; (2) the prosecution deprived him of his right to due process by "violating multiple and excessive allegations and charges"; and (3) cumulative errors. (Doc. No. 6 at 5-19). As noted by Respondent, Petitioner's sole post-conviction filing in the California Supreme Court was a petition for review raising one ground for relief: "for the court to resolve a split among the Courts of Appeal as to whether the facts related to predicate offenses are 'case-specific' for purposes of gang expert testimony." (Doc. No. 13-3). Assuming ground one is exhausted, Petitioner did not raise grounds two and three of the First Amended Petition to the California Supreme Court.

Federal courts cannot consider petitions that contain both exhausted and unexhausted

claims, often referred to as "mixed" petitions. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding a district court must dismiss a federal habeas petition containing both unexhausted and exhausted claims). The filing of a mixed petition renders it subject to dismissal on its face. *Id.* at 519. To remedy this problem, a petitioner may, at his option, withdraw the unexhausted claims and go forward only with the exhausted claims. *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). Alternatively under certain circumstances and as long as adequately supported, a petitioner may seek leave to amend or to seek a stay and abeyance of the federal habeas action while the petitioner exhausts any unexhausted claims in state court. *See Dixon v. Baker*, 847 F.3d 714, at 719 (9th Cir. 2017) ("we have repeatedly warned the district courts that they 'may not dismiss a mixed petition without giving the petitioner the opportunity to delete the unexhausted claims .... This warning is compelled by the fact that, unless either a stay of the habeas proceedings or leave to delete the unexhausted claims is granted, a federal habeas petitioner will lose the opportunity to have his properly exhausted federal claims heard in federal court simply because they were submitted in a mixed petition.").

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief: one provided for by *Rhines v. Weber*, 544 U.S. 269 (2005), and the other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). Under *Rhines*, stay and abeyance is appropriate if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278; *Bolin v. Baker*, 994 F.3d 1154, 1156 (9th Cir. 2021). Under *Kelly*, "(1) a petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly exhausted claims to the original petition." *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). The Court notes that the Kelly procedure is a riskier one for a habeas petitioner because it does not protect the

unexhausted claims from becoming time-barred during the stay. *See id.* at 1140-41; *see also Duncan*, 533 U.S. at 178 (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

Accordingly it is **ORDERED**:

1. Petitioner must SHOW CAUSE why the First Amended Petition should not be dismissed as a mixed petition. Petitioner must deliver his response to the Show Cause Order to correctional officials for mailing **no later than December 30, 2022**.

2. In the alternative, **by the same date**, Petitioner shall file a notice to voluntarily dismiss his unexhausted claims (grounds two and three) or file a Second Amended Petition omitting his unexhausted claims (grounds two and three). Petitioner will then proceed only on his exhausted claim (ground one).

3. If appropriate, **by the same date**, Petitioner may file a motion to stay under *Kelly* or *Rhines*.

4. Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition as a mixed petition and/or for failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

Dated:   November 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE