UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ANDRES MARROQUIN,<br><br>Petitioner,<br><br>v.<br><br>M.B. ATCHLEY,<br><br>Respondent. | Case No. 1:21-cv-01735-JLT-HBK (HC)<br><br>ORDER FINDING RESPONDENT'S MOTION TO DISMISS MOOT<br><br>(Doc. No. 12) |

Petitioner Nicolas Andres Marroquin, a state prisoner proceeding pro se, has pending an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 6). On April 27, 2022, Respondent filed a motion to dismiss the amended petition as a "mixed petition." (Doc. No. 12). Respondent identifies the following three grounds raised in the amended petition: (1) the gang expert's testimony was inadmissible hearsay; (2) the prosecution deprived him of his right to due process by violating multiple and excessive allegations and charges; and (3) cumulative errors. (*Id*. at 3). Respondent contends the amended petition qualifies as a "mixed petition" because Petitioner did not present grounds two or three to the California Supreme Court. (*Id.*). On November 29, 2022, the Court entered an order to show cause why the amended petition should not be dismissed as a mixed petition. (Doc. No. 14 at 4, ¶1). In the alternative, the Court afforded Petitioner the opportunity to file a notice to voluntarily dismiss his unexhausted claims

1  (grounds two and three) or file a second amended petition omitting his unexhausted claims
2  (grounds two and three) and proceed only on his exhausted claim (ground one).  (*Id.*, ¶2).
3  Finally, the Court advised Petitioner of his option to move for a stay under *Rhines v. Weber*, 544
4  U.S. 269 (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002).  (*Id.*, ¶3).
5       On January 3, 2023, Petitioner filed a "Response to Show Cause Order, Notice to Dismiss
6  Unexhausted Claims" signed under penalty of perjury.  (Doc. No. 15).  In his Response,
7  Petitioner requested "that his unexhausted claims (grounds two and three) be dismissed
8  voluntarily so that he may proceed forward with and only on his exhausted claim (ground one)."
9  (*Id.*).
10      The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent
11 such rules are not inconsistent with the statutory provisions of the Habeas Rules.  Rules
12 Governing Section 2254 Cases in the United States District Court, Rule 12.  *See also*, Fed. R.
13 Civ. P. 81(a)(4).  Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the
14 plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the
15 opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P.
16 41(a)(1)(A)(i).  Voluntary dismissal under this rule requires no action on the part of the court and
17 divests the court of jurisdiction upon the filing of the notice of voluntary dismissal.  *See United*
18 *States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (voluntary dismissal pursuant to
19 Rule 41(a)(1)(A)(i) is self-executing and requires no further action by court).  Rule 41(a)(1) has
20 been found to apply in the habeas context where the respondent had not yet filed an answer to the
21 petition.  *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) ("Rule 41(a)(1)
22 has been found to apply in the habeas context where the respondent had not yet filed an answer to
23 the petition." (collecting cases)).
24      In this case, Respondent has not served either an answer or a motion for summary
25 judgment.  Thus, Petitioner's notice of dismissal of his unexhausted claims (grounds two and
26 three) is effective upon its filing and without a court order pursuant to Federal Rule of Civil
27 Procedure 41(a)(1)(A)(i).  Because Petitioner voluntarily dismisses his unexhausted claims and
28 the amended petition contains only an exhausted claim, the amended petition is no longer a

"mixed petition" and subject to dismissal.

Accordingly, it is **ORDERED:**

1. The Court takes judicial notice of Petitioner's notice of dismissal of his unexhausted claims (grounds two and three) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
2. Respondent's Motion to Dismiss (Doc. No. 12) is rendered **MOOT**.
3. Respondent is directed to respond to the remaining exhausted claim (ground one) on or before **February 6, 2023**.

Dated:     January 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE