UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ANDRES MARROQUIN,<br><br>        Petitioner,<br><br>    v.<br><br>M.B. ATCHLEY,<br><br>        Respondent. | Case No.  1:21-cv-01735-JLT-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO MODIFY AND ORDER TO PETITIONER TO SHOW CAUSE WHY AMENDED PETITION SHOULD NOT BE DISMISSED AS PREMATURE OR FILE NOTICE OF VOLUNTARY DISMISSAL[1]<br><br>(Doc. No. 18)<br><br>MARCH 22, 2023 DEADLINE |

      Pending before the Court is Respondent's motion to modify the briefing schedule and to accept its incorporated motion to dismiss as Respondent's response to Petitioner's Amended Petition in lieu of an answer to the Amended Petition.  (Doc. No. 18).  Respondent notifies the Court that it recently learned Petitioner's sentence is not yet final because Petitioner has not yet been resentenced pursuant to the California Court of Appeal's order reversing the substantive gang conviction and remanding for resentencing.  (*Id*. at 2-3).  Because Petitioner's remand proceedings remain pending, Respondent moves to dismiss the Amended Petition, without prejudice, as premature under *Younger v. Harris*, 401 U.S. 37 (1971).  The Court grants

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  Respondent's motion to modify the briefing schedule and accepts the motion to dismiss as
2  Respondent's response to the Amended Petition.  The Court further directs Petitioner to show cause
3  why the Court should not grant the motion to dismiss and dismiss the Amended Petition, without
4  prejudice, as premature.  Alternatively, Petitioner may file a notice to voluntarily dismiss the
5  Amended Petition, without prejudice, under Federal Rule of Civil Procedure 41 since Respondent has
6  not filed an answer.  Once Petitioner's remand proceedings have concluded, Plaintiff may seek
7  federal habeas review.
8      Petitioner is advised that for purposes of § 2254 habeas review, a conviction is final when
9  "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time
10  for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*,
11  478 U.S. 314, 321 n. 6 (1987).  The seminal case of *Younger v. Harris*, 401 U.S. 37, 44 (1971)
12  applies when a petitioner's conviction is not yet final.  In *Younger*, the Supreme Court held that a
13  federal court generally cannot interfere with pending state criminal proceedings.  This holding,
14  commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state
15  comity and is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the
16  proceeding implicates important state interests; (3) there is an adequate opportunity in the state
17  proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has
18  the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d
19  898, 901–902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)
20  (alterations and internal quotation marks omitted)).  In the habeas context, "[w]here . . . no final
21  judgment has been entered in state court, the state court proceeding is plainly ongoing for
22  purposes of *Younger*." *Id.* at 902.  Absent rare circumstances, a district court must dismiss such
23  actions.  *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d
24  1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven
25  harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a
26  valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be
27  shown" is federal intervention in an on-going state criminal proceeding appropriate.).
28      ////

Accordingly it is **ORDERED**:

1. Respondent's motion to modify briefing schedule and to accept motion to dismiss as Respondent's response to the Amended Petition (Doc. No. 18) is GRANTED.

2. Petitioner shall SHOW CAUSE why the Amended Petition should not be dismissed as premature. Petitioner must deliver his response to this Show Cause Order to correctional officials for mailing **no later than March 22, 2023**.

3. In the alternative, **by the same date**, Petitioner may file a notice to voluntarily dismiss the Amended Petition, without prejudice.

4. If Petitioner does not timely respond to this SHOW CAUSE ORDER, the Court will deem Respondent's motion to dismiss submitted and ripe for review.

Dated:     February 22, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3