UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ANDRES MARROQUIN,<br><br>    Petitioner,<br><br>    v.<br><br>M.B. ATCHLEY,<br><br>    Respondent. | Case No.  1:21-cv-01735-JLT-HBK (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Doc. No. 6) |

    Petitioner, Nicolas Andres Marroquin ("Petitioner"), a state prisoner, is proceeding pro se on his First Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] (Doc. No. 6, "First Amended Petition").  On January 26, 2023, Respondent filed a motion to modify the briefing order and accept its incorporated motion to dismiss as Respondent's response to Petitioner's First Amended Petition, after discovering that Petitioner has not yet been resentenced pursuant to the California Court of Appeal's order reversing the substantive gang conviction and remanding for resentencing.  (Doc. No. 18).  On February 23, 2023, the Court granted Respondent's motion to modify and ordered Petitioner to show cause why the First Amended

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  Petition should not be dismissed as premature, or in the alternative, file a notice of voluntary
2  dismissal.  (Doc. No. 19).  On March 22, 2023, Petitioner filed a notice of voluntary dismissal of
3  his First Amended Petition without prejudice.  (Doc. No. 20).

4        The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent
5  such rules are not inconsistent with the statutory provisions of the Habeas Rules.  Rules
6  Governing Section 2254 Cases in the United States District Court, Rule 12.  *See also*, Fed. R.
7  Civ. P. 81(a)(4).  Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the
8  plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the
9  opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P.
10 41(a)(1)(A)(i).  Voluntary dismissal under this rule requires no action on the part of the court and
11 divests the court of jurisdiction upon the filing of the notice of voluntary dismissal.  *See United*
12 *States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (voluntary dismissal pursuant to
13 Rule 41(a)(1)(A)(i) is self-executing and requires no further action by court).  Rule 41(a)(1) has
14 been found to apply in the habeas context where the respondent had not yet filed an answer to the
15 petition.  *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) ("Rule 41(a)(1)
16 has been found to apply in the habeas context where the respondent had not yet filed an answer to
17 the petition." (collecting cases)).

18     In this case, Respondent has not served either an answer or a motion for summary
19 judgment.  Thus, Petitioner's notice of dismissal is effective upon its filing and without a court
20 order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

21     The Clerk of Court shall **CLOSE** this case to reflect Petitioner's notice of voluntary
22 dismissal and terminate all deadlines and motions.

23 Dated:   March 23, 2023

24                    HELENA M. BARCH-KUCHTA
                   UNITED STATES MAGISTRATE JUDGE

25
26
27
28